UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF COLUMBIA

| | |
|---|---|
| Wayne M. McCaughey<br>105 Proclamation Drive<br>Winchester, VA 22603,<br><br>              Plaintiff,<br><br>v.<br><br>The Honorable Patrick J. Murphy<br>Acting Secretary of the Army<br>101 Army Pentagon<br>Washington, DC 20310,<br><br>              Defendant.<br><br>Also Serve:<br>The United States Attorney<br>For the District of Columbia<br>555 Fourth Street, NW<br>Washington, D.C. 20530<br><br>The Attorney General of<br>The United States<br>10th & Constitution Ave., N.W.<br>Washington, D.C. 20530 | Civil Docket<br>No:_____<br>(       )<br><br>COMPLAINT |

## COMPLAINT

This is a complaint for declaratory judgment to declare that the decision of the Army Board for Correction of Military Records (ABCMR) denying Plaintiff relief was an abuse of discretion, arbitrary and capricious and contrary to law or regulation.

## JURISDICTION

1. Jurisdiction in this matter is conveyed by 28 U.S.C. § 1331 and 5 U.S.C. § 702 et seq., the Administrative Procedure Act.

## VENUE

2. Venue is proper as the Defendant is found in this District.

## PARTIES

3. Plaintiff, Wayne M. McCaughey, is a former member of the United States Army.

4. Defendant, The Honorable Patrick J. Murphy, in his official capacity is the Acting Secretary of the Army.

## FACTS

5. On January 5, 1959, Plaintiff enlisted in the Regular Army. Plaintiff separated on January 18, 1962.

6. He served in Viet Nam from February 27, 1960 through June 7, 1960 on temporary duty from Germany.

7. Plaintiff's DD Form 214 which summarized his active service reflected one year, 11 months and 11 days of foreign service.

8. On August 18, 1960, Plaintiff's service record, shown on DA Form 24, was in "unserviceable condition."

9. All entries from the DA Form 24 "currently required" were transcribed into a new service record from the original and were verified on August 18, 1960.

10. Plaintiff's reconstituted DA Form 24 from January 5, 1959 to January 18, 1962, did not show any temporary assignment to Viet Nam for Plaintiff. It did show an assignment to Germany during the period in question.

11. Plaintiff's reconstituted military records are devoid of any documentation showing service in Viet Nam, nor do his medical records reflect a war wound.

12. Yet, six individuals with no motive to prevaricate confirmed Plaintiff's service in Viet Nam, five of whom had served in Viet Nam with Plaintiff. Two of the six confirmed that Plaintiff was wounded by enemy action in Viet Nam and medical evidence later derived supported the conclusion that wounding occurred.

13. Further, the United States Army entered into Plaintiff's official record the following annotation:

> "You are authorized the Republic of Vietnam Gallantry Cross w/Palm Unit Citation Badge. This foreign award is not issued by the Department of Defense or the Army, but may be purchased from civilian dealers in military insignia."

This award definitionally reflects service in Viet Nam.

14. Plaintiff sought on January 13, 2013, to cause the ABCMR to award Plaintiff the Armed Forces Expeditionary Medal for service in Viet Nam and the Purple Heart for his war wounds.

15. The ABCMR on October 27, 2015 denied relief on the basis that Plaintiff's reconstituted service record did not reflect service in Viet Nam during Plaintiff's period of active duty nor did his medical records reflect a war wound.

16. Department of Defense (DoD) Manual Number 1348.33, Volume 2, dated November 23, 2010 authorized the Armed Forces Expeditionary Medal for Viet Nam Service.

## CLAIM FOR RELIEF

17. The ABCMR abused its discretion, acted arbitrarily and capriciously and contrary to law or regulation in the following particulars:

    a. By failing to recognize that the reconstituted record of August 18, 1960, on DA 24 only reflected information "currently required" and not necessarily the entire service record, the ABCMR abused its discretion by concluding that the reconstituted record was a verbatim transcription of Plaintiff's entire service history. Plaintiff's temporary duty orders to Viet Nam as well as other orders may well have been included in the original record but not considered "currently required."

    b. By failing to accept the word of six American citizens with no motive to lie, five of whom served in a combat environment in Viet Nam, the ABCMR abused its discretion.

    c. By failing to recognize that the Viet Nam government award of a medal to Plaintiff for service in Viet Nam was prima facie proof of Plaintiff's service in Viet Nam, the ABCMR abused its discretion.

## RELIEF REQUESTED

18. Wherefore, Plaintiff requests that this Honorable Court:

    a. Declare that the ABCMR's denial of awarding Plaintiff the Armed Forces Expeditionary Medal for Viet Nam Service and the Purple Heart for wounds sustained by enemy action in Viet Nam was an abuse of discretion, arbitrary and capricious and contrary to law or regulation.

    b. Remand this matter to the ABCMR for review consistent with the opinion of this Court.

Respectfully submitted,

*[signature]*

Gary Myers
Counsel for Plaintiff
DC Bar # 157115
78 Clark Mill Road
Weare, NH 03281
Ph: 800-355-1095
Email: myers@mclaw.us
Fax: 603-746-2038
